# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRAULIO VALENTINE DIEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-274-M |
| | ) | |
| MIKE ADDISON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. §2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, Petitioner's claim has been promptly examined, and for the following reasons, it is recommended that his petition be dismissed.

In his petition, Petitioner asserts that he is challenging his conviction on June 1, 1981, in Case No. CRF-1980-06 in the District Court of Johnston County, Oklahoma. Petition, p. 2.[1] Although the petition is unclear with respect to Petitioner's crime of conviction, it appears to the undersigned that he was convicted of second degree murder and sentenced to

---

[1] The first page of the form petition is actually designated as page 2. The following six pages are consecutively paginated; however, beginning with the eighth consecutive page, the next four pages are numbered 12 through 15. Following the fifteenth page is a separately paginated document titled "Petitioner's Supported Argument" (hereinafter referred to as "Petitioner's Argument").

life imprisonment.[2]   Petitioner states that he did not appeal his conviction, seek further review by a higher state court, or file a petition for certiorari in the United States Supreme Court. Petition, p. 3. As discussed in more detail *infra*, Petitioner attempted to challenge his conviction and sentence in 2009, through a state post-conviction action, but his application was denied by the district court and his attempt to appeal that denial apparently failed. Petitioner requests that this Court grant "[t]he out of time appeal to proceed with the post-conviction filed therein Court of Criminal Appeals." Petition, p. 15.

The undersigned initially notes that Petitioner was convicted in the District Court of Johnston County, Oklahoma, which is located within the United States judicial district for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). According to Petitioner, he is currently incarcerated at Joseph Harp Correctional Center in Lexington, Cleveland County, Oklahoma, which is located in the United States judicial district for the Western District of Oklahoma. 28 U.S.C. § 116(c). Under these circumstances, both federal district courts have jurisdiction to entertain Petitioner's habeas corpus petition, and the district court for the district in which the petition is filed, may, "in the exercise of its discretion and in furtherance

---

[2] Petitioner states that the jury returned a verdict of acquittal on the first degree murder charge but that the court records reflect he "plead guilty to second degree murder[.]" Petition, p. 2. Johnston County court records are not readily available prior to 2001, and the docket record in Petitioner's criminal case does not include information regarding his conviction in 1981. *See* Oklahoma District Court Records, District Court of Johnston County, *State v. Braulio V. Diez*, Case No. CF-1980-06, at http://www.odcr.com (accessed April 13, 2010). Oklahoma Department of Correction records, however, indicate that Petitioner was convicted on June 1, 1981, of second degree murder and sentenced to a term of life imprisonment. *See* Oklahoma Department of Corrections, at http://www.doc.state.ok.us/ (Offender Lookup, Braulio V. Diez, DOC# 114838) (accessed April 13, 2010).

of justice . . . transfer the petition to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Under these circumstances, the undersigned would generally recommend that the matter be transferred to the United States District Court for the Eastern District of Oklahoma, the district where the conviction was obtained.[3] However, for the reasons set forth hereafter, the undersigned finds that the petition fails to state a claim for habeas relief, and therefore, because the interest of justice would not be served by transferring the case, it is recommended that the action be dismissed.

Challenge to Post-conviction Procedures

As his sole claim for relief, Petitioner states: "Motion for Judgment for Writ of Mandamus." Petition, p. 6. Petitioner explains that he is asking this court "to entertain the motion for judgment for the writ of mandamus[,]" and "grant the Motion for Judgment upon Johnston District Court 'Out of Time Appeal.'" Petitioner's Argument, p. 1. Thus, it appears Petitioner is seeking relief from certain actions taken by the state courts during Petitioner's attempt to file a post-conviction action challenging his conviction in Case No. CRF-1980-06.

From the information in the petition, including the attached documents, and the Johnston County District Court docket in Case No. CRF-1980-06, the undersigned concludes

---

[3] It has been the experience of the federal district courts in Oklahoma that justice is normally better served by an adjudication of the case in the district where the conviction was obtained since that is where the trial court officials and records are located, where trial counsel for the prosecution and for the petitioner are ostensibly available, and where any necessary witnesses usually reside.

3

that Petitioner's complaint arises out of his attempt to appeal the district court's denial on September 17, 2009, of a post-conviction application which Petitioner filed on July 21, 2009.[4] Petition, attached Johnston County District Court Order. Petitioner filed a Notice of Intent to Appeal that denial in the District Court of Johnston County; however, for reasons not entirely clear,[5] the appeal was never successfully filed. Petition, attached Notice of Intent to Appeal. In an apparent attempt to address his failure to file a proper appeal, Petitioner filed another post-conviction application in the District Court of Johnston County on or about November 5, 2009, requesting an appeal out of time.[6] *See* Johnson County District Court docket, Case No. CRF-1980-06, *supra*, note 2. Thereafter, Petitioner filed an application for a writ of mandamus requesting that the OCCA direct the District Court of Johnston County to rule on his application. *See* Petition, attached OCCA Order Directing Response from the Presiding Judge of Johnston County, or a Designated Representative. In response to the OCCA's order of January 12, 2010, the district court advised that it had acted upon

---

[4]There are slight differences in some of the dates of documents and events referenced by Petitioner, the Johnston County docket, and Oklahoma Court of Criminal Appeals (OCCA). The differences are of no significance to the recommendation herein.

[5]Petitioner refers to a problem with his *in forma pauperis* application in connection with his attempt to appeal the district court's denial of his post-conviction application. Petitioner's Argument, p. 2 ("[I]n the course of the appeal here at this facility (JHCC) the law assistance informed petitioner that the forma pauperis will be forwarded to the State's Appellate Court, which resulted in an error.").

[6]This document is not included in the record before this Court; however, the OCCA references such filing in its Order for Response (attachment to the petition) and the Johnston County docket reflects the filing on November 5, 2009, of an application for post-conviction relief in Petitioner's state criminal case. *See* Johnson County District Court docket, Case No. CRF-1980-06, *supra*, note 2.

4

Petitioner's post-conviction application and enclosed a copy of the court's September 19, 2009, order for the OCCA's review. Petition, attached Response to Order Directing Response From Presiding Judge of Johnston County. Upon receipt of the district court's response, the OCCA dismissed the petition for writ of mandamus as moot. Petition, attached OCCA Order Dismissing Petition for Writ of Mandamus. Petitioner asserts the OCCA's dismissal was in error.[7] Petitioner's Argument, p. 2.

It is well established that the federal writ of habeas corpus reaches only convictions in violation of the United States Constitution, laws, or treaties. *See Mabry v. Johnson*, 467 U.S. 504, 507 (1984); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979). In this regard, the Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. at 221. The Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge "the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant

---

[7]It does appear to the undersigned that Petitioner's post-conviction application filed in November has not been ruled on by the Johnston County District Court, and that both the OCCA and the district court mistakenly interpreted Petitioner's petition for mandamus to concern his earlier (July) post-conviction application.

5

post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (holding that alleged procedural deficiency in state's scheme for post-conviction relief did not rise to the level of a federal constitutional claim cognizable in habeas corpus since even if state post-conviction petition was dismissed arbitrarily, petitioner could present anew to the federal courts any claim of violation of his federal constitutional rights); *Graves v. Boone*, No. 99-7013, 1999 WL 1079626, at *2 (10th Cir. Nov. 30, 1999) (unpublished op.) ("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing *Steele, supra*). The undersigned finds that even if the state courts' post-conviction procedures were in error, Petitioner's challenge to such alleged errors fails to raise any constitutional violations which resulted in his conviction and custody.

In sum, because the instant petition fails to allege the deprivation of a federal constitutional right, it would not be in the best interest of justice to transfer the matter to the United States District Court for the Eastern District of Oklahoma. Accordingly, the undersigned recommends summary dismissal of the action without prejudice.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 5, 2010,

in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 15th day of April, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE